



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
ARBITRATION OF DISPUTES

between

THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioner,

and

RESISTFLAME ACQUISITION CORP.
C/O KIESLING-HESS FINISHING CO.,
Respondent.

**PETITION TO CONFIRM ARBITRATION AWARD**

STATE OF NEW YORK       )
                        ) ss.
COUNTY OF NEW YORK      )

      The Petition of The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioner"), by their attorney Mark Schwartz, respectfully shows to this Court and alleges that:

      1.     I am Counsel to Petitioner herein and am duly admitted to practice law before the Courts of the State of New York and before this Honorable Court and am fully familiar with the prior proceedings had in this matter. I submit this Petition in support of Petitioner's application for an Order confirming the Arbitration Award of Philip Ross (hereinafter, the "Arbitrator"), dated June 29, 2007. A copy of the Arbitration Award (hereinafter, the "Award") is annexed hereto as **Exhibit A**.

      2.     The UNITE HERE National Retirement Fund (hereinafter, the "Fund"), with its sole office at 730 Broadway, New York, New York 10003-9511, is an employee benefit plan within the meaning of Section 3 (3) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 U.S.C. 1002 (3). The Fund is established pursuant to an Agreement and Declaration of Trust. The Respondent is obligated to contribute to the Fund pursuant to a Collective Bargaining Agreement and Supplemental Agreement entered into between the Philadelphia Joint Board of the Amalgamated Clothing and Textile Workers Union, AFL-CIO, CLC, presently known as UNITE HERE (hereinafter, the "Union"), and employers in the men's and boy's clothing industry. The Fund was created to provide benefits to eligible employees of contributing employers. Employer contributions and income earned thereupon are the sole source of funding. The employees of the contributing employers do not contribute to the Fund through union dues or otherwise.

      3.     Resistflame Acquisition Corp., C/O Kiesling-Hess Finishing Co. (hereinafter, the "Respondent"), is a party to a Supplemental Agreement with the Union. The Supplemental Agreement obligates the employer to contribute to the Fund, based upon stated percentages of its gross payroll. The Supplemental Agreement also obligates Respondent to make available to the Petitioner payroll records required for the determination of Respondent's liability to the Petitioner.

4.  A dispute has arisen concerning Respondent's obligation to contribute to the Fund for the period of May 28, 2007 through June 29, 2007. The Supplemental Agreement provides that all disputes under the contract shall be submitted for arbitration and final determination. Section 6A of the Supplemental Agreement provides that:

> Any controversy, claim, complaint, grievance or dispute between the parties hereto arising out of or relating to the provisions of this Supplemental Agreement or the interpretation, breach, application or performance thereof, shall be referred by the Union, the Trustees or the Employer for arbitration and determination as hereinafter provided.

5.  Pursuant to the Supplemental Agreement, the dispute was referred to the Arbitrator for determination on June 29, 2007.

6.  Prior to the arbitration the Petitioner served a subpoena upon the Respondent directing it to produce its payroll records. The Respondent failed to produce its books and records or to appear at the arbitration hearing.

7.  At the June 29, 2007 hearing, Petitioner presented the following evidence to the Arbitrator:

   A.  The provisions of the Collective Bargaining Agreement and Supplemental Agreement obligating Respondent to make employee benefit contributions to Petitioner and obligating the parties to arbitrate disputes, including disputes over delinquent employee benefit fund contributions;

   B.  The Notice of Intention to Arbitrate. A copy of which is annexed hereto as **Exhibit B**;

   C.  A subpoena duly served on Respondent, requiring Respondent to produce all books and records necessary to compute the exact sum owing to Petitioner by Respondent; and

   D.  An exhibit summarizing the Respondent's prior contribution history which revealed an average weekly payment due to the Petitioner of $207.99. This weekly average was multiplied by the number of weeks covered by the Award. A copy of the summary sheet, which was reviewed by the Arbitrator, is annexed hereto as **Exhibit C**.

8.  As the record presented to the Arbitrator is a sufficient basis for the Award, the instant Petition complies with the standard established in D.H. Blair & Co., Inc. –v.– Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006).

9.  After considering the evidence presented at the hearing, the Arbitrator issued the Award directing the Respondent to pay the delinquent contributions to The Trustees of the UNITE HERE National Retirement Fund in the amount of $1,039.95, plus interest and incidental costs, for a total Award of $1,330.67. (See **Exhibit A**)

10. On July 6, 2007, the Petitioner served a copy of the Award on the Respondent by certified mail, return receipt requested and regular mail.

11. To date, Respondent has not paid any part of the Award.

2

12. As a result of Respondent's failure to abide by the Award, the Petitioner now seeks judicial enforcement thereof. As more fully demonstrated in the accompanying Memorandum of Law, this Court has jurisdiction over the Respondent.

13. As more fully demonstrated in the Memorandum of Law, ERISA mandates an assessment of interest plus interest or liquidated damages. Accordingly, the Arbitrator in this matter awarded interest plus interest through the date of the Award.

**WHEREFORE**, your Petitioner prays for an Order and Judgment confirming the June 29, 2007 Arbitration Award, directing the entry of Judgment in favor of The Trustees of the UNITE HERE National Retirement Fund in the amount of $1,039.95 for delinquent contributions, $8.72 for interest plus interest to the date of the Award pursuant to ERISA Section 502(g)(2), $100.00 for the Arbitrator's fees, $32.00 for Auditor's fees and costs, $150.00 for legal fees, all totaling $1,330.67, together with interest from the date of the Arbitration Award to the date of the Judgment, the costs incurred in connection with this proceeding, and such other legal and equitable relief the Court deems appropriate.

Dated: July 13, 2007
New York, New York

_____
Mark Schwartz, Esq. – MS 0148
Attorney for Petitioner
730 Broadway, 10th Floor
New York, New York 10003-9511
(212) 539-5275

**EXHIBIT A**

| | |
|---|---|
| In the Matter of<br>ARBITRATION OF DISPUTES<br><br>between<br><br>THE TRUSTEES OF THE<br>UNITE HERE NATIONAL RETIREMENT FUND,<br>Petitioner,<br><br>and<br><br>RESISTFLAME ACQUISITION CORP.<br>C/O KIESLING-HESS FINISHING CO.,<br>Respondent. | **FINDINGS AND AWARD**<br>07 – 08 – R |

Due notice having been given to the parties, a hearing was held before the undersigned in New York City on June 29, 2007.

APPEARANCES:

| | |
|---|---|
| The Arbitrator: | Dr. Philip Ross |
| For the Petitioner: | Mark Schwartz, Esq.<br>David C. Sapp, Esq.<br>Lawrence I. Kleinman<br>Evelyn Soto |
| For the Respondent: | No Appearance |

## FINDINGS

This proceeding was instituted by the service of a statutory Notice of Intention to Arbitrate, which alleged that Resistflame Acquisition Corp., C/O Kiesling-Hess Finishing Co. (hereinafter, the "Respondent"), had entered into a written Collective Bargaining Agreement and Supplemental Agreement thereto (hereinafter, the "Agreement"), with the Philadelphia Joint Board of the Amalgamated Clothing and Textile Workers Union, presently known as UNITE HERE (hereinafter, the "Union"), and in which, pursuant to applicable law, the Respondent was notified that unless it applied to stay the proposed arbitration within 20 days after the service of the aforesaid Notice, it would be barred from putting in issue the making of the Agreement and its failure to comply therewith. More than 20 days have elapsed since the service of the aforesaid Notice at the time of the hearing in this proceeding, held as above stated, and no application to stay this proceeding has been made by the Respondent.

On the basis of the aforesaid Notice of Intention to Arbitrate, Respondent's failure to apply to stay this proceeding, and other evidence submitted[1], I find that, as alleged by The Trustees of the UNITE HERE National Retirement Fund("Retirement Fund") (hereinafter collectively, the "Petitioner"), the Respondent entered into the written Agreement with the Philadelphia Joint Board of the Union; and that the Agreement, among other things, provides that the Respondent is regularly to pay a stated percentage of its payroll to the Petitioner. These payments are commonly known as contributions.

The Agreement further provides as follows:

> The Employer shall furnish to the Trustees, upon request, such information and reports as they may require in the performance of their duties under any of the Agreements and declarations of trust.

A subpoena was duly served on the Respondent requiring it to produce at the hearing all of the relevant books and records from which could be computed the exact sums due to the Petitioner for the period of May 28, 2007 through June 29, 2007. The Respondent did not produce any of its books and records.

From the evidence made available to me, I find that the Respondent failed to make the following contributions for the period of May 28, 2007 through June 29, 2007 to the UNITE HERE National Retirement Fund in the amount of $1,039.95, and that demand for payment was duly made and refused, and that there is now due and owing from the Respondent to the Petitioner, The Trustees of the UNITE HERE National Retirement Fund, the sum of $1,039.95.

The Award which follows does not intend to and does not include any sums that may be due to the Petitioner for any period other than stated above, nor for any sums due to the Petitioner for the period stated above, and which would be shown upon an audit of the Respondent's books and records for such period, the results of such an audit not being available to me as Arbitrator due to Respondent's failure to comply with the Subpoena directed to it.

The aforesaid Agreement further provides:

> The Arbitrator shall also have the authority in such case as he shall deem proper to include in his award against the Employer the reasonable costs of collection, including, but not limited to the Arbitrator's fees, legal fees, interest, liquidated damages, auditing and accounting costs; providing, however, that no costs of collection shall be awarded against the Employer unless the said award shall also find that the Employer has failed to perform and comply with the terms and provisions of this Supplemental Agreement.

---

[1] The evidence that I reviewed included (A) The Agreement; (B) A summary of the delinquent contributions sought in the arbitration; (C) The Notice of Intent to Arbitrate; and (D) A subpoena duly served on Respondent.

The Respondent having failed to perform and comply with the terms and provisions of the Agreement, as hereinabove found, and such default having resulted in expenditures for the Petitioner, I direct that the Respondent pay to the Petitioner, such expenditures as follows, each of which I find to be reasonable in amount: Arbitrator's fees of $100.00; legal fees of $150.00; auditing and accounting costs of $32.00; for total costs of $282.00.

In addition, I direct that in compliance with the provisions of ERISA, Section 502 (g) (2), the Respondent pay to the Petitioner "interest on the unpaid contributions" plus "an amount equal to the greater of: (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the [Petitioner's] plan in an amount not in excess of 20 percent." The Petitioner's plan does not provide for liquidated damages but provides for interest "at an annual rate equal to 2% plus 1/2 of the prime rate charged by Citibank on the first day of the calendar quarter at the due date of Payment." Because the Fund's rules do not provide for liquidated damages, the Fund is entitled to interest plus interest. Therefore, I direct that in accordance with the statutory formula, Respondent pay Petitioner, The Trustees of the UNITE HERE National Retirement Fund the sum of $8.72, in interest plus interest on delinquent contributions which sums are hereby awarded against the Respondent in favor of the Petitioner.

### AWARD

Accordingly, it is hereby determined and awarded as follows:

1. There is due and owing from the Respondent to the Petitioner, The Trustees of the UNITE HERE National Retirement Fund, the sum of $1,039.95, by way of unpaid contributions; the sum of $8.72, by way of interest plus interest as provided for under ERISA, Section 502 (g) (2); the sum of $100.00 for Arbitrator's fees, the sum of $32.00 for Auditor's fees and costs and the sum of $150.00 for legal fees; for a total amount of $1,330.67, in favor of the Petitioner Retirement Fund and which total amount the Respondent is to pay Petitioner Retirement Fund forthwith.

I further direct that the sum of $100.00 in Arbitrator's costs be payable to the Arbitrator, $50.00, by the Petitioner and $50.00, by the Respondent.

Dated: 6/29/07
New York, New York

_____
PHILIP ROSS, ARBITRATOR

3

**EXHIBIT B**

| | |
|---|---|
| In the Matter of<br>ARBITRATION OF DISPUTES<br><br>between<br><br>THE TRUSTEES OF THE<br>UNITE HERE NATIONAL RETIREMENT FUND,<br>Petitioner,<br><br>and<br><br>RESISTFLAME ACQUISITION CORP.<br>C/O KIESLING-HESS FINISHING CO.,<br>Respondent. | NOTICE OF INTENTION<br>TO ARBITRATE |

Sir(s):

**PLEASE TAKE NOTICE** that pursuant to the Collective Bargaining Agreement and the Supplemental Agreement thereto (hereinafter, the "Agreement"), between Resistflame Acquisition Corp., C/O Kiesling-Hess Finishing Co. (hereinafter, the "Respondent"), and the Philadelphia Joint Board of the Amalgamated Clothing and Textile Workers Union, AFL-CIO, CLC, presently known as UNITE HERE and upon notice by The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioner"), an arbitration will be held before Dr. Philip Ross of 525 West End Avenue, New York, New York 10024 (hereinafter, the "Arbitrator"), designated pursuant to the Agreement, on June 29, 2007, at 11:00 A.M., at the Offices of the Laundry, Dry Cleaning and Allied Workers Joint Board, UNITE HERE!, 275 7th Avenue, 7th Floor, New York, New York 10001, seeking an award against you for:

1. Contributions due and owing to Petitioner for the period of 05/28/07 through 06/29/07.

together with INTEREST, ARBITRATOR'S FEES and EXPENSES, ATTORNEY'S FEES and the cost of the AUDIT, if awarded.

**PLEASE TAKE FURTHER NOTICE** that unless you apply to stay this arbitration within twenty (20) days after the service of this notice upon you, you shall be precluded from

objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time.

Dated: June 4, 2007
      New York, New York

                              THE TRUSTEES OF THE
                      UNITE HERE NATIONAL RETIREMENT FUND

By: _____
     Mark Schwartz, Esq. – MS 0148
     Attorney for Petitioner
     730 Broadway, 10th Floor
     New York, New York 10003-9511
     (212) 539-5275

Account No. 092.0253

Certified Return Receipt No. 7006 2150 0000 7942 6832

Please address all Inquires to:
Michele Reid at (212) 539-5292

|  |  |
|---|---|
| In the Matter of<br>ARBITRATION OF DISPUTES<br><br>between<br><br>THE TRUSTEES OF THE<br>UNITE HERE NATIONAL RETIREMENT FUND,<br>Petitioner,<br><br>and<br><br>RESISTFLAME ACQUISITION CORP.<br>C/O KIESLING-HESS FINISHING CO.,<br>Respondent. | **SUBPOENA<br>DUCES TECUM** |

To: Resistflame Acquisition Corp.
C/O Kiesling-Hess Finishing Co.
300 West Bristol Street
Philadelphia, Pennsylvania 19140

**GREETING:**

**WHEREAS**, an action has been commenced before the Honorable Philip Ross, Impartial Chairman, between The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioner"), and Resistflame Acquisition Corp., C/O Kiesling-Hess Finishing Co. (hereinafter, the "Respondent"), who are all the parties named in said action,

**NOW, THEREFORE, YOU ARE COMMANDED** to appear and attend before the Honorable Philip Ross, Impartial Chairman, at the Offices of the Laundry, Dry Cleaning and Allied Workers Joint Board, UNITE HERE!, 275 7th Avenue, 7th Floor, New York, New York 10001, on the 29th day of June 2007, at 11:00 A.M. in the morning, and at any recessed or adjourned date for the giving of testimony on all matters relevant to the arbitration hearing,

**AND YOU ARE FURTHER COMMANDED** to produce for examination at such time and place all your payroll records including but not limited to social security quarterly reports, weekly payroll journals, state employment insurance records, cash disbursements

book, and any other books or records which are required to determine your liability to the Petitioner for the period of 05/28/07 through 06/29/07.

**WITNESS**, Honorable Philip Ross, Impartial Chairman, at New York, New York on the 4th day of June 2007.

                              THE TRUSTEES OF THE
                UNITE HERE NATIONAL RETIREMENT FUND

By: _____
Mark Schwartz, Esq. – MS 0148
Attorney for Petitioner
730 Broadway, 10th Floor
New York, New York 10003-9511
(212) 539-5275

Account No. 092.0253

Certified Return Receipt No. 7006 2150 0000 7942 6832

**EXHIBIT C**

# UNITE HERE NATIONAL RETIREMENT FUND

Name of Firm: Resistflame Acquisition Corp. c/o Kiesling-Hess Finishing Co.   A/C#: 092.0253

| Quarter | P/R |
|---|---|
| / | $ |
| / | $ |
| 6/06 | $ 93,660.23 |
| 9/06 | $ 96,094.12 |
| / | $ 189,754.35 |

÷ 26

X

$ 7,298.24   Average Weekly Payroll

Current Rate: 2.85%

$ 207.99   Average Weekly per Delinquency

$ —   Average Weekly per Capita (Number of Employees x ___)

$ 207.99   Total Weekly Delinquency

X   5   Number of Delinquent Weeks: From: 05/28/07 - 06/29/07

$ 1,039.95   Estimated Total Amount Due

Prior Award: (15 x .0014)  ,021
Interest:   $ 4.36 x 2 = 8.72
Arbitrator's Cost:   $ 282.00
Total Liability:   $ 1,330.67